UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| ANTHONY CHAMBLEE | * | CIVIL ACTION NO. 08-1351 |
| | * | |
| VERSUS | * | |
| | * | |
| YAMAHA MOTOR CO., LTD., | * | JUDGE: DONALD E. WALTER |
| YAMAHA MOTOR CORPORATION | * | |
| U.S.A. AND YAMAHA MOTOR | * | |
| MANUFACTURING CORPORATION | * | MAGISTRATE: MARK L. HORNSBY |
| OF AMERICA | * | |

*************************************************************************

### AFFIDAVIT OF DR. BARBARA R. MANNO

**STATE OF LOUISIANA**

**PARISH OF CADDO**

**BEFORE ME,** the undersigned authority, a Notary Public, duly qualified and commissioned in and for the State and Parish aforesaid, personally came and appeared,

**DR. BARBARA R. MANNO**

who, after being duly sworn, did depose and state as follows:

1.

I am over 18 years of age and am competent to testify.

2.

I am a clinical professor at LSU Medical Center in Shreveport, Louisiana and a laboratory inspector through the National Laboratory Certification Program, and I have personal knowledge of the facts set forth in this Affidavit, and, if called as a witness, I would testify competently thereto.

3.

I earned a doctoral degree in pharmacology, toxicology and physiology from Indiana University, Medical Center Campus in 1970. I am recognized as a Diplomate by the American Board of Forensic Toxicology. Also, I am a Fellow of the American Academy of Forensic Sciences.

4.

Through my education, training and experience, I have developed extensive knowledge regarding toxicology and the pharmacology alcohol and drugs.

5.

Both Louisiana state courts and various federal courts have qualified me and accepted me as an expert in the areas of toxicology and the pharmacology of alcohol and drugs.

6.

I prepared a July 13, 2010 report in this matter, wherein I identified the numerous materials reviewed in this matter, including Mr. Chamblee's medical records, depositions of several individuals (Anthony Chamblee, Christine Giddens, Elizabeth Williams and Dr. Christopher Stewart) and medical reference material.

7.

My July 13, 2010 report contains my opinions, including those set for herein.

8.

Mr. Chamblee's medical records establish that based on blood collected from Mr. Chamblee at 9:39 p.m. (over seven hours after the accident), his serum alcohol level was 36 mg/dl.

9.

Applying accepted toxicological principles, I calculated that Mr. Chamblee's whole blood alcohol content at the time of the September 17, 2007 accident was 0.136 Gm% (136 mg/dL).

10.

With a reasonable degree of toxicological certainty, it is my opinion that Mr. Chamblee's blood alcohol concentration at the time of his September 17, 2007 accident significantly exceeded 0.08 percent by weight based on grams of alcohol per one hundred cubic centimeters of blood.

11.

With a reasonable degree of toxicological certainty, it is my opinion that based upon Mr. Chamblee's blood alcohol concentration at the time of his September 17, 2007 accident he was experiencing loss of vigilance, drowsiness, misinterpretation of vision, slowed response time in avoidance maneuvers, and his complex reaction time was twice the reaction time than if he had a blood alcohol concentration of 0.0 Gm% (0.0mg/dl).

12.

Mr. Chamblee's medical records further establish that based on urine collected from Mr. Chamblee on September 17, 2007, he tested positive for cocaine, cannabinoids (marijuana) and benzodiazepines. These drugs are all controlled dangerous substances listed in either Schedule I or Schedule IV as set forth in La. Rev. Stat. 40:964.

13.

With a reasonable degree of toxicological certainty, it is my opinion that based upon Mr. Chamblee's drug and alcohol use prior to the time of his September 17, 2007 accident he was

experiencing enhanced psychomotor impairment (he was under the influence of the controlled dangerous substances) at the time of his accident.

14.

With a reasonable degree of toxicological certainty, it is more probable than not that the blood alcohol concentration in Mr. Chamblee impaired his ability to recognize the dangers associated with driving the Rhino as described. It would have produced a delayed reaction to a sensed need for an avoidance maneuver and a slowed response to executing the maneuver.

15.

With a reasonable degree of toxicological certainty, Mr. Chamblee's use of Marijuana, Cocaine and Benzodiazepines would have resulted in an interaction that enhanced the psychomotor impairment from alcohol, although the psychomotor decrements produced by alcohol alone were sufficient to be a causative factor in this accident.

16.

Independent observations from Elizabeth Williams, a former bartender and passenger in the Rhino at the time of the accident, confirms that Mr. Chamblee appeared to be impaired from alcohol at the time of the accident.

17.

With a reasonable degree of toxicological certainty, intoxication with alcohol was a major causative factor in this accident.

*Barbara R. Manno*
Dr. Barbara R. Manno

SWORN TO AND SUBSCRIBED
BEFORE ME ON THIS __6__ DAY OF
____January____, 2012.

_____
Notary Public
My Commission Expires: _____



MARK K. MANNO
LSBA #25154
MY COMMISSION IS FOR LIFE