UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| ANTHONY CHAMBLEE | * | CIVIL ACTION NO.  08-1351 |
| | * | |
| VERSUS | * | |
| | * | |
| YAMAHA MOTOR CO., LTD., | * | JUDGE:  DONALD E. WALTER |
| YAMAHA MOTOR CORPORATION | * | |
| U.S.A. AND YAMAHA MOTOR | * | |
| MANUFACTURING CORPORATION | * | MAGISTRATE:  MARK L. HORNSBY |
| OF AMERICA | * | |

*************************************************************************

### STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING PROXIMATE CAUSATION

**MAY IT PLEASE THE COURT:**

Pursuant to Local Rule 56.1, Defendants, Yamaha Motor Corporation, U.S.A. and Yamaha Motor Manufacturing Corporation of America ("Defendants"), respectfully submit the following Statement of Uncontested Facts in Support of their Motion for Summary Judgment Regarding Proximate Causation. The following facts are not in dispute:

1. Mr. Chamblee consumed numerous controlled substances (marijuana, cocaine, barbiturates and opiates) on September 16, 2007.  *See* deposition excerpts of Anthony Chamblee, at pp. 310-16, attached to Motion for Summary Judgment Regarding Proximate Causation as Exhibit "A".

2. Thereafter, on September 17, 2007, Mr. Chamblee visited a friend, Elizabeth Williams, at the home of Patrick Baird.  Exhibit "A", at pp. 314-15.

3. Mr. Chamblee admitted to consuming "three or four" beers while at the house.  Exhibit "A", at pp. 317-18.

4. On September 17, 2007, Mr. Chamblee and Ms. Williams used Mr. Baird's Yamaha Rhino to look around Mr. Baird's property.  Exhibit "A", at p. 328.

5. According to Mr. Chamblee, while making a turn at a steady five to eight miles an hour on flat gravel terrain, the Rhino overturned.  Exhibit "A", at pp. 337 and 344.

6. In violation of the on-product warnings Mr. Chamblee was not wearing his seatbelt or any protective gear at the time of the accident. Plaintiff Fact Sheet, at QQ. 86 and 87, attached to Motion for Summary Judgment Regarding Proximate Causation as Exhibit "B".

7. A toxicology screen performed at the hospital on September 17, 2007 confirms that Mr. Chamblee was positive for alcohol, cocaine, benzodiazepines, and cannabinoids. *See* LSU Medical Health Sciences Center records excerpts, bates-labeled LA-CHAM-LSU 01601-07, attached to Motion for Summary Judgment Regarding Proximate Causation as Exhibit "C".

8. Dr. Manno, a toxicologist and medical doctor, calculated that Mr. Chamblee's blood alcohol content was .136 Gm% at the time of the accident and opines that "…based upon Mr. Chamblee's blood alcohol concentration at the time of his September 17, 2007 accident he was experiencing loss of vigilance, drowsiness, misinterpretation of vision, slowed response time in avoidance maneuvers, and his complex reaction time was twice the reaction time than if he had a blood alcohol concentration of 0.0 Gm% (0.0mg/dl)." *See* D. Manno Affidavit, attached to Motion for Summary Judgment Regarding Proximate Causation as Exhibit "F", at ¶ 11.

9. Dr. Manno opined that with a reasonable degree of toxicological certainty, it is more probable than not that the blood alcohol concentration in Mr. Chamblee impaired his ability to recognize the dangers associated with driving the Rhino as described. It would have produced a delayed reaction to a sensed need for an avoidance maneuver and a slowed response to executing the maneuver. Exhibit "F", at ¶ 14.

10. Dr. Manno further opined that with a reasonable degree of toxicological certainty, Mr. Chamblee's use of Marijuana, Cocaine and Benzodiazepines would have resulted in an interaction that enhanced the psychomotor impairment from alcohol, although the psychomotor decrements produced by alcohol alone were sufficient to be a causative factor in this accident. Exhibit "F", at ¶ 15.

11. Dr. Manno concluded that Mr. Chamblee's intoxication with alcohol was a major causative factor in this accident. Exhibit "F", at ¶ 17.

12. Mr. Chamblee identified several factors that can cause *any* off-road vehicle to roll-over, i.e., operating too fast, turning too sharply, and operating on uneven terrain. Exhibit "A," at p. 248.

13. Mr. Chamblee described himself as a "risk taker" when asked to characterize his riding style. Exhibit "A", at p. 200.

14. According to Ms. Williams, a passenger in the Rhino at the time of the accident, the Rhino flipped as Mr. Chamblee was doing a round of "donuts". *See*

deposition excerpts of Elizabeth Williams, at p. 98, attached to Motion for Summary Judgment Regarding Proximate Causation as Exhibit "D".

15. Ms. Williams believes the rollover was caused by Mr. Chamblee turning too sharply and going too fast. Exhibit "D", at 99-100.

16. Ms. Williams blamed the cause of the accident on "intoxication and reckless driving." Exhibit "D", at p. 70.

17. Mr. Chamblee offered Ms. Williams a percentage of any litigation proceeds if she was willing to testify that Mr. Chamblee was not driving the Rhino recklessly and that he was not under the influences of any substances to her knowledge. Exhibit "D", at pp. 53-54.

18. Motor vehicle crashes occur every day and a number of factors can (and often do) cause or contribute to motor vehicle accidents.

19. Mr. Chamblee admitted that it is possible to "roll-over" any type of vehicle - each accident depends on the circumstances. Exhibit "A," at p. 248.

20. Mr. Chamblee did not retain any experts to opine on proximate causation in this case.

21. There is no expert opinion or testimony, in this case, evidencing that an alleged vehicle defect *caused* plaintiffs injuries.

22. There is no evidence in this case that establishes a vehicle defect as the most likely cause of Mr. Chamblee's accident.

23. Dr. Graeme Fowler opined that Mr. Chamblee's incident and resulting injuries occurred due to Mr. Chamblee operating the Rhino in an intentionally aggressive manner while under the influence of alcohol. *See* G. Fowler Affidavit, at ¶ 13, attached to Motion for Summary Judgment Regarding Proximate Causation as Exhibit "G".

24. Another expert, Kevin Breen, reconstructed the accident and confirmed that the cause of the subject accident was aggressive, unnecessary operation of the vehicle by Mr. Chamblee that resulted in loss of control and the overturn of the Rhino. *See* K. Breen Affidavit, attached to Motion for Summary Judgment Regarding Proximate Causation as Exhibit "H", at ¶ 11.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Joseph G. Glass

---

**JOSEPH G. GLASS, T.A.  #25397**
**LAWRENCE J. DUPLASS#5199**
3838 North Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
TELEPHONE:  (504) 832-3700
lduplass@duplass.com
jglass@duplass.com
**Counsel for Defendants, Yamaha Motor Corporation, U.S.A. and Yamaha Motor Manufacturing Corporation of America**

## C E R T I F I C A T E

I hereby certify that on 12th day of January, 2012, a copy of the foregoing pleading, was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system.

s/Joseph G. Glass

---

**JOSEPH G. GLASS #25397**
jglass@duplass.com