

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY CHAMBLEE                    CIVIL ACTION NO: 08-1351

VERSUS                              JUDGE DONALD E. WALTER

YAMAHA MOTOR CO., LTD.,             MAGISTRATE JUDGE HORNSBY
YAMAHA MOTOR CORPORATION
U.S.A. AND YAMAHA MOTOR
MANUFACTURING CORPORATION
OF AMERICA

## MEMORANDUM RULING

Before the Court are Motion for Summary Judgment Regarding Immunity [Doc. #80] and Motion for Summary Judgment Regarding Causation [Doc. #81] filed by the Defendants, Yamaha Motor Corporation U.S.A. and Yamaha Motor Manufacturing Corporation of America (collectively herein "Yamaha"). Plaintiff, Anthony Chamblee ("Chamblee"), did not file an opposition. For the reasons assigned herein, the motions for summary judgment [Docs. #80 and 81] are **GRANTED** and Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." [1] A fact is "material" if it may affect the outcome of the suit under

---

[1] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1355-56 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires

that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2. As Plaintiff has failed to timely file an opposition, all material facts set forth by Yamaha will be deemed admitted for purposes of the motions for summary judgment.

## BACKGROUND FACTS [2]

Chamblee filed suit against Yamaha under the Louisiana Products Liability Act alleging that the Yamaha Rhino he crashed was (1) unreasonably dangerous in design, (2) unreasonably dangerous because an adequate warning about the product was not provided at the time of purchase, and (3) unreasonably dangerous because it did not conform to an express warranty of the manufacturer. [Doc. #1 at ¶13; La. R.S. § 9:2800.56; La. R.S. § 9:2800.57; and La. R.S. § 9:2900.58].[3] Yamaha denies that it is liable for the accident or for Chamblee's injuries.

On September 16, 2007, Chamblee consumed controlled substances (marijuana, cocaine, barbiturates and opiates). The next day, on September 17, 2007, Chamblee visited a friend, Elizabeth Williams ("Williams"), at the home of Patrick Baird ("Baird"). While at Baird's house Chamblee consumed three or four beers. Chamblee, Baird, and Williams took Baird's Yamaha Rhino to drive around and look about Baird's property. There was an accident while Chamblee was driving the Yamaha Rhino. Chamblee sustained severe injuries to his left leg, which he asserts to

---

[2] Because the Court accepts as admitted Yamaha's statements of material facts as to which there are no genuine issues to be tried, the background facts are summarized as presented by Yamaha. [Docs. #80- 9; 81-10].

[3] The Yamaha Rhino is a four-wheel all terrain vehicle (ATV) designed for off-road use.

be permanently disabling. In violation of the on-product warnings, Chamblee was not wearing his seatbelt or any protective gear at the time of the accident. [Docs. #80- 9; 81-10].

Chamblee's account of the accident is that the Yamaha Rhino overturned while he was making a turn on gravel terrain at a speed of five to eight miles per hour. *Id.* Williams stated in her deposition that the Yamaha Rhino flipped because Chamblee was doing a round of "donuts". *Id.* Williams, a bartender, also testified that at the time of the accident Chamblee was very intoxicated and not driving safely. *Id.* In her opinion the accident was caused by Chamblee's intoxication and reckless driving, and because Chamblee turned too sharply and was going too fast.[4] *Id.*

Following the accident Chamblee was taken to LSU Health Sciences Center for treatment, where a routine toxicology screen was performed. Chamblee tested positive for alcohol, cocaine, benzodiazepines, and cannabinoids. *Id.* Dr. Barbara Manno, a toxicologist and medical doctor at LSU Heath Sciences Center, calculated Chamblee's blood alcohol content to be 0.136 Gm% at the time of the accident, and opined that "...based upon Mr. Chamblee's blood alcohol concentration at the time of his September 17, 2007 accident he was experiencing loss of vigilance, drowsiness, misinterpretation of vision, slowed response time in avoidance of maneuvers, and his complex reaction time was twice the reaction time than if he had a blood alcohol concentration of 0.0 Gm% (0.0mg/dl)". *Id.* Dr. Manno also opined that "with a reasonable degree of certainty, it was more probable than not that the blood concentration in Mr. Chamblee impaired his ability to recognize the danger associated with driving the Rhino as described because it would have produced a delayed

---

[4] Williams also stated in her deposition that Chamblee offered to pay her a percentage of any litigation proceeds received if she was willing to testify that Chamblee was not driving the Rhino recklessly and that to her knowledge he was not under the influence of any substances at the time of the accident.

4

reaction to a sensed need for an avoidance maneuver and a slowed response to executing the maneuver." *Id.* Further, Dr. Manno opined that "with a reasonable degree of toxicological certainty, Chamblee's use of Marijuana, Cocaine and Benzodiazepines would have resulted in an interaction that enhanced the psychomotor impairment form alcohol, although the psychomotor decrements produced by alcohol alone were sufficient to be a causative factor in the accident." *Id.* Therefore, Dr. Manno concluded that Chamblee's intoxication with alcohol was a major causative factor in the accident.

Dr. Graeme Fowler ("Fowler"), a mechanical engineer specializing in accident reconstruction, opined that the accident and Chamblee's resulting injuries occurred due to Chamblee's operation of the Yamaha Rhino in an intentionally aggressive manner while under the influence of alcohol. *Id.* Dr. Fowler also opined that "with a reasonable degree of scientific certainty, the subject accident was not the result of any design defect associated with the vehicle's handling and stability characteristics." *Id.*

Kevin Breen ("Breen"), an industrial engineer specializing in accident/injury analysis and design performance analysis, reconstructed the accident in question and confirmed that "the cause of the accident was aggressive, unnecessary operation of the vehicle by Chamblee that resulted in loss of control and the overturn of the Rhino." *Id.* Mr. Breen also opined that with a reasonable degree of scientific certainty the accident was not caused or contributed to by the design or operating characteristics of the Yamaha Rhino. *Id.*

## LAW AND ANALYSIS

A.  **Louisiana Products Liability Act**

The Louisiana Products Liability Act ("LPLA") "establishes the exclusive theories of liability

for manufacturers for damages caused by their products." La. R.S. § 9:2800.52; *Evans v. Ford Motor Co.*, 484 F.3d 329, 334-35 (5th Cir.2007); *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 261-62 (5th Cir.), *cert. denied*, 537 U.S. 824, 123 S.Ct. 111, 154 (2002). A plaintiff may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability not set forth in the LPLA. La. R.S. § 9:2800.52. Although "the statutory ways of establishing that a product is unreasonably dangerous are predicated on principles of strict liability, negligence, or warranty, respectively, neither negligence, strict liability, nor breach of express warranty is any longer viable as an independent theory of recovery against a manufacturer." *Jefferson v. Lead Indus. Ass'n, Inc.*, 930 F.Supp. 241, 244-45 (E.D.La.1996), *aff'd*, 106 F.3d 1245 (5th Cir.1997).

In order to maintain a successful action under the LPLA, a plaintiff must establish: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damages arose from a reasonably anticipated use of the product by the claimant or someone else. La. R.S. § 9:2800.54(A). A plaintiff may prove that the product is "unreasonably dangerous" in construction or composition, in design, because of an inadequate warning, or because it does not conform to an express warranty of the manufacturer about the product. La. R.S. § 9:2800.54(B) and (D). "Defects are not presumed to be present by the mere occurrence of an accident." *Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1364 (La.1992).

Because Chamblee bears the burden of proof on each of the elements of his claims, Yamaha is not required to submit evidence to support its motion, but need only to point to the lack of evidence supporting Chamblee's claims. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir.1990). Yamaha argues that Chamblee has failed to put forth sufficient evidence from which

6

a reasonable juror could conclude that the damages in this case were, more probable than not, caused by a defective condition of the Yamaha Rhino. Indeed, Chamblee has put forth no evidence in support of his claims. Although not necessary, Yamaha went a step further and submitted an unopposed affidavit from Dr. Fowler, mechanical engineering Ph.D., who attests "with a reasonable degree of scientific certainty, it is my opinion that the subject accident was not the result of any design defect associated with the vehicle's handling and stability characteristics. Rather, the accident was proximately caused by Mr. Chamblee operating the Rhino in an intentionally aggressive manner while under the influence of alcohol in violation of numerous on-product warning." [Doc. #81-8; Affidavit of Graeme Fowler, Ph.D.]

"When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (citations omitted). Rule 56 does not bind the Court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir.1996).

This Court is left with the unpleasant duty of rendering a decision on summary judgment without a response from the Plaintiff. The Court is cognizant of the fact that the Yamaha Rhino was the subject of Multidistrict litigation, and that this case specifically was part of that litigation until its remand to this Court for consideration. *See In RE: Yamaha Motor Corp. Rhino ATV Products Liability Litigation*, 3:09-MD-2016, Western District of Kentucky. The Multidistrict litigation may contain discovery and expert reports designated for use by all plaintiffs in the Yamaha Rhino litigation on the issue of whether the Yamaha Rhino is a defective product, but absolutely no evidence has been cited by the Plaintiff in opposition to Yamaha's motions for summary judgment.

Chamblee has failed to come forward with any evidence, expert or otherwise, to rebut the opinions of Yamaha's experts and create a genuine issue of material fact for trial. As the Fifth Circuit has noted, Louisiana law does not permit a fact finder to presume that a product is unreasonably dangerous merely because an injury occurred. *See Grenier v. Medical Engineering Corp.*, 243 F.3d 200, 205 (5th Cir. 2001). Accordingly, Yamaha's Motion for Summary Judgment Regarding Proximate Causation [Doc. #81] is GRANTED.

**B.      Immunity pursuant to La. R.S. § 9:2798.4**

As an alternative argument for summary judgment, Yamaha argues that Chamblee is precluded from recovering damages under Louisiana law because he was intoxicated at the time of his accident. Louisiana Revised Statute § 9:2798.4 states in relevant part:

> A. Neither the state, a state agency, or a political subdivision of the state nor any person shall be liable for damages, including those available under Civil Code Article 2315.1 or 2315.2, for injury, death, or loss of the operator of a motor vehicle, aircraft, watercraft, or vessel who:
>
>> (1) Was operating a motor vehicle, aircraft, watercraft, or vessel while his blood alcohol concentration of 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
>>
>> (2) Was operating a motor vehicle, aircraft, watercraft, or vessel while he was under the influence of any controlled dangerous substance described in R.S. 14:98(A)(1)(c) or R.S. 40:964.
>
> B. The provisions of this Section shall not apply unless:
>
>> (1) The operator is found to be in excess of twenty-five percent negligent as a result of a blood alcohol concentration in excess of the limits provided in R.S. 14:98(A)(1)(b), or the operator is found to be in excess of twenty-five percent negligent as a result of being under the influence of a controlled dangerous substance described in R.S. 14:98(A)(1)(c); and
>>
>> (2) This negligence was a contributing factor causing the damage.

Summary judgment under this statute is appropriate when the evidence presented by the movant is sufficient to establish that a reasonable factfinder would be compelled to find that a plaintiff was (1) under the influence of alcohol or drugs while operating a vehicle; (2) more than 25% negligent due to his intoxication; and (3) his negligence was a contributing factor in causing the damage. *See Lyncher v. Design Engineering, Inc.*, 51 So.3d 137, 141-142 (La. App. 4th Cir. 2010); *Doyle v. Union Pacific Railroad Co.*, 442 Fed. Appx. 964 (5th Cir. 2011).

Yamaha has presented uncontested facts in support of its motion for summary judgement regarding immunity which are sufficient to support a finding that Yamaha is immune from liability under the statute. With no opposition filed, Yamaha's uncontested facts are admitted. Yamaha presented sufficient evidence to establish that Chamblee had a blood alcohol level of 0.136 gM% at the time of his accident in the form of an affidavit from Dr. Manno and a lab record from LSU Health Sciences Center. [Docs. #80- 9; 81-10]. The evidence is also sufficient to establish that Chamblee's own negligence is greater than 25%. The uncontested facts establish that a witness, Ms. Williams, described Chamblee's driving as reckless because he was turning too sharply, going way too fast, and was intoxicated. *Id.* Yamaha's expert engineers also opined that Chamblee's intentionally aggressive driving while intoxicated was the proximate cause of the accident. *Id.* This evidence and the toxicology information are sufficient to establish Chamblee's negligence as greater than 25%, and that his negligence was a contributing factor to the accident. Accordingly, Yamaha's Motion for Summary Judgment Regarding Immunity [Doc. #80] is GRANTED.

## CONCLUSION

For the foregoing reasons, Yamaha's Motion for Summary Judgment Regarding Immunity [Doc. #80] and Motion for Summary Judgment Regarding Causation [Doc. #81] are **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this 11 day of March, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE